## American Express v. Rossi et al.

*Fox, Rothschild, O'Brien & Frankel,* for plaintiffs.
*L. Coren* and *H. M. Cowen,* for defendants.

REIMEL, J., July 11, 1955.—Plaintiff filed its complaint asking that defendants be declared trustees of all moneys received for American Express Company and accountable for the balance of $849.43 of trust funds collected for and held in trust by defendants for plaintiff. Testimony was taken and counsel for the parties have submitted their requests for findings of fact and conclusions of law. The sole legal issue raised by the pleadings is whether the dissolution of a partnership by publication is of itself sufficient notice to a third party with whom the partnership is acting in trust to relieve from liability a member of the previously existing partnership.

### Discussion

The Uniform Partnership Act of 1915, as amended, provides that after dissolution a partner can bind the partnership by any transaction which would bind the partnership if dissolution had not taken place, provided that the other party to the transaction had extended credit to the partnership prior to dissolution and had no knowledge or notice of the dissolution: Act of March 26, 1915, P. L. 18, part VI, sec. 35, as amended by the Act of April 13, 1917, P. L. 79, sec. 1 (59 PS §97). The act, therefore, makes knowledge or notice of the dissolution, where credit has been extended, a necessary condition of relief from liability.

The partners were acting pursuant to a trust agree-

ment in which they agreed to receive for the account of and in trust for plaintiff, certain moneys collected from the sale of money orders, and the moneys thus received were to be kept entirely separate and apart from other funds until remittance according to plaintiff's instructions. In dealing with plaintiff in this manner, defendants were acting in a fiduciary capacity and clearly owed a higher duty than one arising from a mere debtor-creditor relationship. The course of business pursued imposed a duty which required that notice be given of the dissolution of the partnership. Here, there is no evidence that plaintiff had notice or knowledge of the dissolution. Defendant Cowen admits that he made no attempt to personally notify plaintiff of his withdrawal from the partnership and that no attempt was made to rescind or cancel the trust agreement. Although he testified that he sent a copy of the notice of dissolution as published in the newspaper, plaintiff denied receiving a copy of said notice prior to April 13, 1953, or of having any knowledge of dissolution prior to that date. He could not recall the date on which the copy of the publication was sent or to what address it was mailed, and stated that it was not marked for anyone's attention. No notice was given of the cancellation of the trust agreement. Both defendants, therefore, must account to plaintiff for the moneys received and collected.

### Decree Nisi

And now, to wit, July 11, 1955, upon consideration of the foregoing case, it is ordered, adjudged and decreed that defendants account to plaintiff for the balance of $849.43 and that plaintiff is entitled to a judgment against both defendants with interest from April 13, 1953.

Unless exceptions are filed within 20 days after notice of the entry thereof, this decree nisi shall be entered as a final decree.